IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
CATHY L. THOMAS,                  )
                                  )
         Plaintiff,               )
                                  )
v.                                )   Case No. CIV-18-052-JHP-KEW
                                  )
COMMISSIONER OF SOCIAL            )
SECURITY ADMINISTRATION,          )
                                  )
         Defendant.               )
```

## REPORT AND RECOMMENDATION

Plaintiff Cathy L. Thomas (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 59 years old at the time of the ALJ's decision. Claimant completed her high school education and obtained a degree

3

in elementary education.  Claimant worked in the past as a supervisor of cashiers, greeters, cart pushers, and the service desk for Walmart.  Claimant alleges an inability to work beginning December 13, 2013 due to limitations resulting from irritable bowel syndrome and overactive bladder.

## Procedural History

On January 7, 2014, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act.  Claimant's application was denied initially and upon reconsideration.  On April 21, 2015, Administrative Law Judge ("ALJ") Richard Kallsnick conducted an administrative hearing by video with Claimant appearing in Fort Smith, Arkansas and the ALJ presiding from Tulsa, Oklahoma.  On May 8, 2015, the ALJ issued an unfavorable decision.  On August 12, 2015, the Appeals Council granted review and remanded the case for the ALJ to consider additional evidence.  A second video hearing was held on April 5, 2017 before ALJ B.D. Crutchfield.  On May 9, 2017, the ALJ entered an unfavorable decision.  On January 4, 2018, the Appeals Council denied review.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

4

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform her past relevant work. In the RFC evaluation, the ALJ determined Claimant could perform a full range of medium work.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) reaching an improper RFC; and (2) finding Claimant could perform her past relevant work.

### RFC Evaluation

In his decision, the ALJ determined Claimant suffered from the severe impairment of osteoporosis. (Tr. 16). The ALJ determined Claimant could perform a full range of medium work. (Tr. 18). After consultation with a vocational expert, the ALJ found Claimant could perform her past relevant work as a cashier/checker and cashier supervisor, both classified at the light exertional level. (Tr. 26). As a result, the ALJ found Claimant was not under a disability from April 1, 2014 through the date of the decision. Id.

5

Claimant contends the ALJ failed to reach a proper RFC, alleging the ALJ "dramatically understate[d] Plaintiff's limitations." The ALJ found Claimant's alleged depression, migraine headaches, Salzmann's Modular degeneration (dry eyes), and irritable bowel syndrome ("IBS") did not cause more than a minimal limitation in Claimant's ability to engage in basic work activities. Specifically, the ALJ found that Dr. Robert Nowlin determined Claimant's IBS was stable on a gluten free diet, her depression was stable on Wellbutrin, her IBS/spastic colon was stable on a gluten free diet, and her headaches were well controlled on Topamax. (Tr. 16). The ALJ also noted that Claimant's Salzmann's Modular degeneration was only mild according to Dr. Christopher Greer. He also found Claimant's alleged fibromyalgia had never been diagnosed. In particular, no evidence appeared in the record to indicate Claimant had ever had the requisite number of trigger points to be diagnosed with fibromyalgia as required by American College of Rheumatology and adopted by the Tenth Circuit Court of Appeals. (Tr. 16-17).

Claimant first argues that the ALJ should have found her fibromyalgia to be a severe impairment. As an initial matter as to all of the allegations surrounding severity at step two, where

an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628-629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291-292, (10th Cir. 2008).

Moreover, the burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." Flaherty v. Astrue, 515 F.3d 1067, 1070-71 (10th Cir. 2007) quoting Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which

7

warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(1)(D).  The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience."  Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In this case, the ALJ did not end the sequential evaluation at step two by finding Claimant had no severe impairments.  He proceeded to consider all severe and non-severe impairments in the decision.  (Tr. 16-26).  Since he did not deny benefits at step two based upon the lack of any severe impairments, the ALJ's failure to include these conditions does not constitute reversible error.

Moreover, Claimant's assertion that the ALJ should have contacted Dr. Nowlin or employed a consultative physician to determine if she met the criteria for fibromyalgia, the suggestion is rejected.  Nothing in the record indicated Claimant's alleged fibromyalgia caused any functional limitation.  The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. See e.g. Coleman v. Chater, 58

8

F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), Madrid v. Astrue, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); Scull v. Apfel, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250, 1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).

Claimant also contends she suffered from a cognitive decline which should have also been considered a severe impairment. Yet, Claimant's mental examinations were largely normal (Tr. 433-34, 440, 4 87, 493, 524, 535, 540), other than indications that she was giving a poor effort, suggesting exaggeration of her alleged cognitive impairment. (Tr. 477, 520). As Defendant also points out, Claimant denied any mental problems at the administrative hearing. (Tr. 45). No error is attributed to this issue.

Claimant asserts the ALJ erred in failing to incorporate functional limitations for her osteoporosis, IBS, and overactive bladder. The medical record indicates that these conditions were

9

controlled by medication as acknowledged by Claimant at her physician appointments. (Tr. 406-07, 428, 432, 458-59, 467, 482-83, 486-87, 492-93, 511, 534-35, 539-40). No functional limitations from these conditions were ever suggested by any of Claimant's doctors. No error is attributed to the ALJ's consideration of this issue.

The ALJ also adequately considered Claimant's subjective complaints. The ALJ set out the inconsistencies between her testimony and the medical record, thereby supporting his findings. (Tr. 19-26).

**Step Four Evaluation**

Claimant suggests that the ALJ failed to conduct the proper analysis to ascertain whether she could perform her past relevant work. In analyzing Claimant's ability to engage in her past work, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). This Court has determined that the ALJ's RFC determination is not erroneous.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th

10

Cir. 2003). The vocational expert testified that Claimant previously performed jobs as a cashier checker and customer service manager (which he classified as a cashier supervisor) and testified as to the demands of the jobs in light of the standards set out in the *Dictionary of Occupational Titles*. (Tr. 53). The ALJ fulfilled his obligation at this phase by adopting the expert's analysis. (Tr. 26).

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. Winfrey, 92 F.3d at 1023. The expert concluded Claimant could perform his past relevant work as a shop helper and laborer under the stated RFC. (Tr. 54-55). The ALJ found that the requirements of Claimant's past relevant work mirrored his RFC assessment that Claimant could perform work at all exertional levels with restrictions. The ALJ fulfilled his required analysis in the third phase. The ALJ did not err in his analysis at step four.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security

Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of September, 2019.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma